Rudolph A. CHAVEZ, Plaintiff–
Appellant,

v.

Michael J. ASTRUE *, Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 06–15958.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 2008.

Filed May 1, 2008.

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Deborah Lee Stachel, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Rudolph A. Chavez appeals the district court's order upholding the denial of his application for disability benefits and Supplemental Security Income. Chavez suffers from a post fracture of the right tibia and fibula, malunion of the tibia, arthritis, hepatitis C, diabetes, and a depressive disorder. The Social Security Administration Appeals Council adopted the administra-

tive law judge's ("ALJ") decision as the final decision of the Commissioner. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Chavez claims the ALJ committed legal error by mischaracterizing his examining physician's opinion and ignoring agency definitions. But the ALJ's opinion demonstrates that she adequately considered and interpreted the examining physician's conclusions and findings. See 20 C.F.R. §§ 404.1520a, 404.1545, 416.920a, 416.945; see also Howard ex rel Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir.2003) ("[T]he ALJ must ... interpret the medical evidence."). The ALJ was not required to treat descriptive terms used in the examining physician's forms, such as "fair," as if they were agency definitions. See 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4) (listing agency definitions for certain medical terms).

The ALJ could consider the opinion of Dr. James Campbell, a physician who did not testify or examine Chavez, 20 C.F.R. §§ 404.1513(c), .1527(f)(2), so long as the decision was supported by substantial evidence. The ALJ did not rely exclusively on this physician's opinion; rather, she considered all of the available evidence. The ALJ also gave sufficient reasons for discounting Chavez's subjective claims and, thus, properly rejected his symptom testimony. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir.2002).

Chavez claims that the ALJ committed legal error by determining his mental residual functional capacity without performing a function-by-function assessment as required by Social Security Ruling 96–8p, 1996 WL 374184, at *3 (July 2, 1996). This claim fails because the ALJ considered and noted "all of the relevant evi-

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. See Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence" bearing on Chavez's "ability to do work-related activities," as required by the function-by-function analysis. *See* Soc. Sec. Ruling 96–8p, 1996 WL 374184, at *3.

The ALJ was not required to obtain further explanation from the vocational expert regarding the work Chavez could perform. Because the work was unskilled, the expert's testimony did not conflict with job data in the Dictionary of Occupational Titles. *See* Soc. Sec. Ruling 00–4p, 2000 WL 1898704, at *4 (Dec. 4, 2000).

For these reasons, and those stated in the district court's order, the ALJ's decision was supported by substantial evidence in accordance with controlling legal principles. *See Flaten v. Sec'y of HHS,* 44 F.3d 1453, 1457 (9th Cir.1995).

**AFFIRMED.**

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.